## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**PEDRO SANTIAGO VELEZ, et als.**,
Plaintiffs

**Civil No. 99-1181(DRD)**

v.

**JOHN JAY COLLEGE OF CRIMINAL**
**JUSTICE OF THE CITY UNIVERSITY**
**OF NEW YORK,**
Defendant

### ORDER

      Through an order dated February 23, 2005, the Court issued an order reopening the instant case, but only as to co-plaintiff Migdalia Viera Torres. In turn, Ms. Viera Torres was granted sixty (60) days to announce new legal representation. (Docket No. 78). However, to this date, plaintiff Viera has not appeared once before the Court, not even to request an extension of time to announce her new legal representation. Now, pending before the Court is defendant's *Request for Dismissal of Claims of Migdalia Viera Torres*. (Docket No. 80).

      "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs". Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Furthermore, counsel do not run the Court. Thus, parties have an "**unflagging duty to comply with clearly communicated case-management orders**". Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998) (*emphasis added*). It is self-evident that "courts cannot function if litigants may, with impunity, disobey lawful orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5, HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988). "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

      Plaintiff Viera Torres has clearly evidenced a lack of prosecution in this case. As it stands, she has **failed to appear at least once before the Court** since the reopening of the case which the Court granted at her request. Plaintiff's complaint should be dismissed for her obvious lack of prosecution.

      Rule 41(b) of the FED.R.CIV.P. provides *inter alia* that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of

court." Furthermore, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. at 43, 111 S.Ct. at 2132 (citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act sua sponte to dismiss a suit for failure to prosecute." Id., at 44. Thus, the Court holds that Plaintiff's clearly evidenced lack of prosecution and failure to follow our Order warrants dismissal.

The Court advises the plaintiff that a party simply "cannot expect a trial court to do [their] homework for [them]." Mackoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991) Moreover, it explained that a moving party is responsible for putting its best foot forward in an effort to present a legal theory that will support its claim. Id. at 23 (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 52 (1st Cir. 1990)). The Court finds she has failed to be **reasonably** diligent.

The Court is well aware that "[d]ismissal with prejudice is a harsh sanction, ... which should be employed only when a plaintiff's misconduct has been extreme, . . . and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993). However, **the Court explicitly makes such a finding herein**. Plaintiff has failed to prosecute her case. The Court does not have the "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). Therefore, dismissal is firmly founded in this case in view of Plaintiff's disregard of the Court's order.

This case is hereby **DISMISSED WITH PREJUDICE FOR LACK OF PROSECUTION.**

Judgment will be issued accordingly.

**THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

DATE: May 27, 2005                                       S/ Daniel R. Dominguez
                                                         **DANIEL R. DOMINGUEZ**
                                                         **U.S. DISTRICT JUDGE**